LAW OFFICE OF ANANDA CHAUDHURI
57 W. 57th Street, 4th Floor
New York, NY 10019
Tel: (212) 457-1288
ananda@ac-pllc.com

LAW OFFICE OF JOSEPH T. MOEN
63 Putnam Street, Suite 202
Saratoga Springs, NY 12866
Tel: (518) 588-0316
joe@jtmoenlaw.com

*Attorneys for Plaintiff, on behalf of herself, and all others similarly situated, as a class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CANDACE SLAVEN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHURCH STREET RESTAURANT ASSOCIATES OF SARATOGA, LLC D/B/A 15 CHURCH, ROBERT PEZULICH & THOMAS BURKE II,<br><br>Defendants. | Case No.: 1:25-cv-00227<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND AUTHORIZING NOTICE OF PROPOSED SETTLEMENT AND HEARING THEREON** |

THIS MATTER is before the Court on the Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion") by Named Plaintiff Candace Slaven, individually and on behalf of the Class, requesting the Court to enter an Order preliminarily approving the proposed settlement (the "Settlement") pursuant to Federal Rule of Civil Procedure 23(e) as set forth in the parties' Settlement Agreement, and other related relief.

Having reviewed and considered the Motion, as well as the supporting documents, including the Settlement Agreement and the proposed Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing (the "Notice"), the Court makes the findings and grants the relief set forth below preliminarily approving the Settlement upon the terms and conditions set forth in this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

## I. Preliminary Approval of Settlement

1. The Court hereby grants preliminary approval of the Settlement memorialized in the Settlement Agreement attached to the Chaudhuri Declaration as Exhibit B.

2. The Court concludes that the proposed Settlement is within the range of reasonable settlement results, such that notice to the Putative Class Members[1] is appropriate.

3. The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

4. For settlement purposes only, the Court provisionally certifies the following classes pursuant to Federal Rule of Civil Procedure 23(e):

5. Individuals who were employed by 15 Church Street Restaurant Associates of Saratoga, LLC, d/b/a 15 Church ("15 Church") as tipped, hourly front of the house workers between February 19, 2019 and February 28, 2026, excluding Defendants and any of their family members. For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

[1] Unless otherwise noted in this Order, any defined terms used in the Order have the same meaning as set forth in the parties' Settlement Agreement.

6. For settlement purposes only, the Court provisionally certifies the following collective class under the Fair Labor Standards Act, as amended ("FLSA"):

7. Individuals who were employed by 15 Church as tipped, hourly front of the house workers between February 19, 2022 and February 28, 2026, excluding Defendants and any of their family members. For settlement purposes only, the Court appoints the Law Office of Ananda Chaudhuri and the Law Office of Joseph T. Moen as Class Counsel to the Putative Class Members and the FLSA collective.

8. The Court approves Angeion Group as administrator of the settlement (the "Settlement Claims Administrator").

## II. Class Notice

9. The Court approves the proposed Notice, which is attached as Exhibit C to the Chaudhuri Declaration, and directs the distribution of that Notice to the Putative Class Members.

10. The contents of the Notice fully comply with due process and Federal Rule of Civil Procedure 23. The Notice satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and adequately puts class members on notice of the proposed settlement. The approved class notice will list the Law Office of Ananda Chaudhuri and Law Office of Joseph Moen as lead Class Counsel.

## III. Class Action Settlement Procedure

11. The Court hereby sets the following settlement procedure:

a. Within fifteen (15) days after entry of this Order preliminarily approving the Settlement (the "Preliminary Approval Order"), Defendants' counsel will provide the Settlement Claims Administrator a mailing list in electronic form containing the names, last known addresses, phone numbers (if maintained by Defendants), hours worked for

each Class Member, and the last four digits of each Class Member's social security number, based upon a good-faith review of 15 Church's records.

b. Within forty-five (45) days of the Court's issuance of a Preliminary Approval Order, the Settlement Administrator will send to all Class Members, via First-Class United States Mail, postage prepaid, the Court-approved Notice of Settlement of Class and Collective Action Lawsuit and Fairness Hearing and Opt-out Form. The Notice shall inform the Class Members of the method by which their prorated share of the Net Settlement Fund will be calculated. Class Members who choose to opt-out of this settlement as set forth in this Agreement must complete and timely submit an Opt-out Form.

c. To be effective, an Opt-out Form must be postmarked or e-mailed within thirty (30) days from the mailing of the Notice to the Class Member, or for any Class Member whose Notice was returned undeliverable within thirty (30) days of the date of the mailing for which the Class Member's correct address is identified, but in any case no later than seven (7) days before the Final Fairness Hearing ("Opt-out Period").

d. The Settlement Administrator will stamp the postmark date on the original of each Opt-out Form that it receives and shall promptly serve copies of each Opt-out Form on Class Counsel and Defendants' Counsel. The Settlement Administrator will, within seven (7) days of the end of the Opt-out Period, send a final list of all Opt-out Forms to Class Counsel and Defendants' Counsel by email. The Settlement Administrator will retain the stamped originals of all Opt-out Forms and originals of all envelopes accompanying Opt-out Forms in its files until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Agreement.

e. Any Class Member who does not timely and properly submit an Opt-out Form shall be bound by this Settlement and deemed to have released his or her state law wage and hour claims in accordance with Paragraph 2.10 of this Settlement regardless of whether he or she negotiates a Settlement Check. Any Class Member who negotiates a Settlement Check shall be bound by the Settlement and deemed to have released all the Released Claims regardless of whether such individual also submitted an Opt-out Form and regardless of whether any of the language on the check endorsement is changed, crossed out, or deleted.

f. 90 days after date of first mailing of the Class Notice shall be the last day for filing and service of papers in support of the final Settlement approval.

12. Unless otherwise ordered by the Court, the Final Approval Hearing shall take place on December 21, 2026.

13. The Court preliminarily approves the Settlement Agreement attached as Exhibit B to the Motion as fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, subject to final consideration at the Final Approval Hearing provided for below.

14. Class Counsel shall be responsible for the acts and activities necessary or appropriate to present the proposed Settlement to the Court for final approval and, if the Settlement is finally approved, to implement the Settlement in accordance with its terms and Orders of the Court.

15. A hearing (the "Final Approval Hearing") shall be held before this Court on December 21, 2026 at 11 a.m. in Courtroom 2 of the United States District Court for the Northern District of New York in Albany to determine whether the proposed Settlement is fair,

reasonable, and adequate and should be approved by the Court; whether Judgment should be entered herein finally approving the Settlement; and to consider Class Counsel's application for attorneys' fees and costs and for service award to the Named Plaintiffs Candace Slaven. The Court may adjourn or continue the Final Approval Hearing without further notice to Putative Class Members.

16. The Court approves as to form and content the Notice in the form attached as Exhibit C to the Chaudhuri Declaration.

17. The Settlement Claims Administrator is instructed to provide Notice to all Class Members as set forth in the Settlement Agreement. The Court finds the Notice to be the best practicable notice under the circumstances and satisfies the requirements of Rule 23, applicable law, and due process. The Court also finds that the manner of dissemination of the Notice provides individual notice to all Class Members who can be identified through a reasonable effort; and is reasonably calculated, under all the circumstances, to apprise Putative Class Members of the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement.

18. Class Members who do not opt out and who wish to object to the proposed Settlement must do so in writing. To be valid, a written objection must be mailed to the Settlement Administrator via first-class mail, postage prepaid and must be received by the Settlement Administrator by a date certain forty-five (45) days from the mailing of the Notice to the Class Member, but in any case no later than seven (7) days before the Final Fairness Hearing. The written objection must include the words, "I object to the 15 Church settlement" as well as all reasons for the objection. The written objection must also include the name, address, e-mail address, and telephone number for the Class Member making the objection.

19. All Putative Class Members who do not submit a valid and timely Opt-out Statement excluding themselves from the Class shall be bound by the terms of the Settlement Agreement and the Judgment and all Orders entered by the Court in connection with the Settlement, whether favorable or not favorable to the Class. All Class Members who submit valid and timely Opt-Out Statements shall have no rights under the Settlement, shall not share in the distribution of any of the Settlement Funds, and shall not be bound by the Settlement.

20. No person shall purport to exercise any exclusion rights for any other person, or purport to exclude any other Putative Class Member as a group, aggregate, or class involving more than one Putative Class Member, or as an agent or representative. Any such purported exclusion shall be void and the person that is the subject of the purported Opt-Out shall be treated as a Putative Class Member and be bound by the Settlement.

21. A valid Objector also has the right to appear at the Final Approval Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Final Approval Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections by including the words, "I intend to appear at the Fairness Hearing" in his or her written objection. An Objector may withdraw his or her objections at any time.

22. No Putative Class Member may appear at the Final Approval Hearing unless he or she has submitted a timely objection that complies with the procedures provided in the Settlement Agreement and Notice. Putative Class Members who fail to submit timely and valid objections will be deemed to have waived objections to the Settlement and they will be foreclosed from making objections. A Putative Class Member who has submitted an Opt-out Statement may not object to the Settlement Agreement.

23. The Parties may file with the Court written responses to any objections no later than three (3) calendar days before the Fairness Hearing.

24. Any Putative Class Member who does not make his or her Objection in the manner provided herein shall be deemed to have waived such Objection and shall forever be barred and foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the Judgment entered, and the award of attorneys' fees and costs to Class Counsel, any incentive awards, and from filing any appeal regarding the same unless otherwise ordered by the Court.

25. The Parties have the right to conduct reasonable discovery as to the basis of any Objection on an expedited basis.

26. The dates of performance contained herein may be extended by order of the Court, for good cause shown, without further notice to the Putative Class Members.

27. The Settlement will not become effective unless the Court enters an order finally approving the Settlement. If the Settlement does not become effective, or if the Settlement is not finally approved, then the Settlement shall become null and void, and this Order shall be null and void and shall be vacated. The parties to the Settlement shall be returned to the status each occupied before the entry of the Order, without prejudice to any legal argument that any of the parties to the Settlement may have asserted but for the Settlement (including but not limited to class certification). In such event, the Settlement, the Settlement Agreement, exhibits, attachments and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

28. No discovery with regard to the Settlement shall be permitted as to any of the settling parties other than as may be directed by the Court upon a proper showing by the party

seeking such discovery, except limited discovery may be taken by Class Counsel and/or Defendants' counsel on any Objector consistent with the Federal Rules of Civil Procedure.

29. All discovery and other litigation in this case is hereby stayed pending Final Approval of the Settlement.

30. Pending Final Approval of the Settlement, the Putative Class Members and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any Released Claim against any of the Released Parties in any action, arbitration or proceeding in any court, arbitration forum or tribunal.

33. Class Counsel and Defendants' counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement, including making, without further approval of the Court, minor changes to the form or content of the Notice, and other exhibits that they jointly agree are reasonable or necessary.

It is SO ORDERED this 21th day of August 2026.

Daniel J. Stewart
U.S. Magistrate Judge